MAYER BROWN LLP
ARCHIS A. PARASHARAMI (SBN 321661)
*aparasharami@mayerbrown.com*
MAYER BROWN LLP
575 Market Street, Suite 2500
San Francisco, CA 94105
Telephone: (415) 874-4230

DANIEL E. JONES (*pro hac vice to be filed*)
*djones@mayerbrown.com*
1999 K Street, N.W.
Washington, DC 20006-1101
Telephone: (202) 263-3000

*Attorneys for Defendants HRB Digital, LLC and HRB Tax Group, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

PEDRO RIOS, JR., and CHRISTIAN MARQUEZ, individually, and on behalf of those similarly situated,

Plaintiffs,

v.

HRB DIGITAL, LLC, a Delaware Corporation, HRB TAX GROUP, INC., a Missouri Corporation,

Defendants.

Case No. 3:25-cv-03530-EMC

Assigned to the Hon. Edward M. Chen

**DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY LITIGATION**

Pursuant to Civil Local Rules 7-11 and 79-5, defendants HRB Digital, LLC and HRB Tax Group, Inc. respectfully request that the Court seal six pre-arbitration Notices of Dispute, found at Exhibits 1-6 to the Declaration of Bobbie Crew, submitted in connection with defendants' motion to compel arbitration and to stay litigation.

The "good cause" standard applies here. Courts in this District have treated motions to compel arbitration as non-dispositive motions subject to the "good cause" standard for sealing purposes, because they are "only tangentially related to the merits of the case." *Wang v. Kahn*, 2022 WL 14814116, at *1 (N.D. Cal. Oct. 25, 2022) (citing *In re Lithium Ion Batteries Antitrust Litig.*, 2016 WL 5791356, at *1 n.2 (N.D. Cal. Oct. 4, 2016)).

The Ninth Circuit has "carved out an exception to the presumption of access to judicial records … [that is] expressly limited to judicial records filed under seal when attached to a *non-dispositive* motion." *In re Midland Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam) (citation and quotation marks omitted). In other words, a "'good cause' showing under [Federal Rule of Civil Procedure] 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

Good cause exists to seal the Notices of Dispute, for two reasons.

*First*, the parties have an expectation that arbitration-related filings and other aspects of the arbitration proceedings be kept confidential. The parties' arbitration agreements call for use of the American Arbitration Association's consumer arbitration process, which provides as a default that the arbitral proceedings themselves are confidential—although nothing prevents the parties from disclosing the results of the arbitration. *See* AAA Consumer Rule R-42; *see also, e.g.*, *Zitan Techs., LLC v. Liang Yu*, 2021 WL 3024284, at *3 & n.2 (D. Nev. July 16, 2021) (sealing arbitration-related filings under the good cause standard based on the expectation of confidentiality); *Simon v. Maple Beach Ventures, LLC*, 2021 WL 1822958, at *2-3 (N.D. Cal. Mar. 12, 2021) (same for portions of arbitration-related filings); *Serenium, Inc. v. Zhou*, 2020 WL 6270928, at *1 (N.D. Cal. Oct. 26, 2020) (sealing entirety of arbitration-related document even under heightened "compelling reasons" standard because the arbitral rules required confidentiality).

What is more, four of the six Notices of Dispute for which defendants request sealing were submitted by other law firms who are not before this Court and who may not wish arbitration-related documents that they submitted with the expectation of confidentiality to be placed in the public record. *Cf. Simon*, 2021 WL 1822958, at *2 (references to "individuals and entities who were not parties" to the dispute presented to the court further supported sealing "to preserve their confidentiality").

Because there is an expectation of confidentiality in the entirety of the documents, there is no less restrictive alternative to sealing. *See* Civ. L.R. 79-5(c)(1)(iii). Defendants do not seek to file any other material under seal, including any part of their briefing on the motion to compel itself.

*Second*, the Notices of Dispute contain plaintiffs' personal identifying information, including their addresses, phone numbers, email addresses, and in some instances portions of their Social Security numbers. Courts routinely hold that it is appropriate to seal identifying information of this kind to protect individuals' privacy. *See, e.g.*, *Hernandez v. Cnty. of Monterey*, 2023 WL 4688522, at *5 (N.D. Cal. July 21, 2023) (citing cases finding good cause to seal records containing personal identifying information); *eBay, Inc. v. Bosh*, 2022 WL 1131720, at *2 (N.D. Cal. Mar. 21, 2022) (finding same, and citing additional cases).

Accordingly, defendants respectfully request sealing of the following documents:

| **Document** | **Scope of Sealing Requested** |
|---|---|
| Crew Decl. Ex. 1: Notice of Dispute dated August 4, 2023, submitted on behalf of plaintiff Rios | In its entirety |
| Crew Decl. Ex. 2: Notice of Dispute dated July 19, 2024, submitted on behalf of Rios | In its entirety |
| Crew Decl. Ex. 3: Notice of Dispute dated September 26, 2024, submitted on behalf of Rios | In its entirety |
| Crew Decl. Ex. 4: Notice of Dispute dated March 16, 2023, submitted on behalf of | In its entirety |

| | |
|---|---|
| plaintiff Marquez | |
| Crew Decl. Ex. 5: Notice of Dispute dated July 18, 2024, submitted on behalf of Marquez | In its entirety |
| Crew Decl. Ex. 6: Notice of Dispute dated September 18, 2024, submitted on behalf of Marquez | In its entirety |

**CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court enter an order sealing the documents described above.

Dated: July 14, 2025

Respectfully submitted,

By: */s/ Archis A. Parasharami*

Archis A. Parasharami
*aparasharami@mayerbrown.com*
MAYER BROWN LLP
575 Market Street, Suite 2500
San Francisco, CA 94105
Telephone: (415) 874-4230

Attorneys for Defendants HRB Digital, LLC and HRB Tax Group, Inc.