**ZIMMERMAN REED LLP**
Ryan J. Ellersick (SBN 357560)
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
Tel (877) 500-8780
Fax (877) 500-8781
ryan.ellersick@zimmreed.com

Zain A. Shirazi (SBN 302841)
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel (612) 341-0400
Fax (612) 341-0844
zain.shirazi@zimmreed.com

*Attorney for Plaintiffs and the Classes*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RIOS, JR., and CHRISTIAN MARQUEZ, individually, and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HRB DIGITAL, LLC, a Delaware Corporation, HRB TAX GROUP, INC., a Missouri Corporation,<br><br>Defendants. | Case No. 3:25-cv-03530-EMC<br><br>**DECLARATION OF RYAN ELLERSICK IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY LITIGATION** |

1
DECLARATION OF RYAN ELLERSICK

# DECLARATION OF RYAN ELLERSICK

I, Ryan Ellersick, declare as follows:

1. I am a partner at Zimmerman Reed LLP and am licensed to practice before this Court. I am counsel of record for Plaintiffs Pedro Rios, Jr., and Christian Marquez (collectively "Plaintiffs"). I submit this Declaration in support of Plaintiffs' Opposition to the Motion to Compel Arbitration and Stay Litigation filed by Defendants HRB DIGITAL, LLC, and HRB TAX GROUP, INC. (collectively "H&R Block") (Dkt. 18). If called upon as a witness, I could and would testify competently to the facts stated in this Declaration.

2. Zimmerman Reed currently represents numerous individuals (over 2,400), including Rios and Marquez, with claims against H&R Block for privacy law violations as set forth in the operative Class Action Complaint (Dkt. 1). The allegations in the Complaint are based, in part, on reporting from *The Markup* and findings by the U.S. Senate.

3. Attached hereto as Exhibit 1 is a true and correct copy of *The Markup* report, "Tax Filing Websites Have Been Sending Users' Financial Information to Facebook," dated November 22, 2022.

4. Attached hereto as Exhibit 2 is a true and correct copy of the Senate report, "Attacks on Tax Privacy: How the Tax Prep Industry Enabled Meta to Harvest Millions of Taxpayers' Sensitive Data," dated July 2023.

**A. Rios and Marquez Have Discharged Other Law Firms and are Represented Exclusively by Zimmerman Reed.**

5. H&R Block's motion asserts that Rios and Marquez previously retained other law firms to represent them in their disputes with H&R Block over privacy law violations.

6. Before filing its Motion to Compel Arbitration, H&R Block did not inform Zimmerman Reed of any dual legal representation issues involving Rios and Marquez.

7. Rios and Marquez have discharged any representation by other law firms and are now proceeding with their privacy claims represented solely by Zimmerman Reed in this matter. *See* Decl. of Pedro Rios, Jr. ¶ 3; Decl. of Christian Marquez ¶ 3. Both Plaintiffs have agreed to serve as class representatives for the putative classes in this action. Rios Decl. ¶ 5; Marquez Decl. ¶ 5.

**B. Plaintiffs Provided Pre-Filing Notices of Dispute to H&R Block, but H&R Block refused to Accept the Notices for Several Months.**

8. On September 20, 2024, Zimmerman Reed sent H&R Block a Pre-Filing Notice of Dispute Letter ("Pre-Filing Letter") via first class certified mail to H&R Block's Legal Department at the address designated in H&R Block's Online Services Agreement ("OSA").

9. The Pre-Filing Letter contained three ShareFile links: (1) Exhibit A, containing a list of all Claimants, including their name, email address, phone number, mailing address, and the first five digits of their social security number; (2) Exhibit A-1, containing 2,481 individually signed Notices of Dispute, one for each Claimant, that provided a further description of the individual claimant's legal claims, relief sought, and all other information required by ¶11.2(A) of the OSA; and (3) Exhibit A-2, which contained 2,481 individually signed Consents to Disclose Tax Information to Attorneys ("Tax Consent forms") authorizing H&R Block to share the Claimant's tax information with counsel as part of any Informal Settlement Conference.

10. Attached hereto as Exhibit 3 is a true and correct copy of the Pre-Filing Letter to H&R Block dated September 20, 2024.

11. Attached hereto as Exhibit 4 is a true and correct copy of one of the Notices of Dispute contained in Exhibit A-1.

12. Attached hereto as Exhibit 5 is a true and correct copy of one of the Tax Consent forms contained in Exhibit A-2.

13. Attached hereto as Exhibit 6 is a true and correct copy of the return receipt for the service of the Pre-Filing Letter, signed as received by a representative of H&R Block on September 27, 2024.

14. Attached hereto as Exhibit 7 is a true and correct copy of a second Pre-Filing Notice of Dispute Letter to H&R Block dated October 4, 2024, on behalf of an additional 166 claimants.

15. Attached hereto as Exhibit 8 is a true and correct copy of a letter from H&R Block to Zimmerman Reed dated October 17, 2024, in response to the initial Pre-Filing Letter.

16. Attached hereto as Exhibit 9 is a true and correct copy of a letter from Zimmerman Reed to H&R Block dated October 23, 2024.

17. Attached hereto as Exhibit 10 is a true and correct copy of a letter from H&R Block to Zimmerman Reed dated November 7, 2024.

18. Attached hereto as Exhibit 11 is a true and correct copy of a letter from Zimmerman Reed to H&R Block dated November 21, 2024.

### C. H&R Block Reserved its Right to Argue that the Limitations Periods Were Not Tolled, Subjecting Plaintiffs and Others to Risk of Prejudice.

19. After the exchange of the above-referenced correspondence, on December 5, 2024, H&R Block communicated to Zimmerman Reed that "H&R Block agree[d] to accept service of your Notices of Dispute sent on behalf of 2,481 claimants" but did so "without waiving any rights and expressly reserving all rights."

20. Attached hereto as Exhibit 12 is a true and correct copy of H&R Block's letter to Zimmerman Reed dated December 5, 2024, in which H&R Block agreed to accept service of the Notices of Dispute included in the Pre-Filing Letter dated September 20, 2024.

21. Attached hereto as Exhibit 13 is a true and correct copy of H&R Block's letter to Zimmerman Reed dated December 6, 2024, in which H&R Block agreed to accept service of the Notices of Dispute included in the Pre-Filing Letter dated October 4, 2024.

22. Under H&R Block's OSA, the statute of limitations is tolled beginning on the date a claimant sends H&R Block a "fully complete Notice." *See* Decl. of Valerie Schuessler Ex. 4 ¶ 11.2(B) ("Any applicable statute of limitations will be tolled for the claims and relief set forth in the Notice during the period between the date that either you or we send the other a fully complete Notice, until the later of (1) 60 days after receipt of the Notice; or (2) if a Settlement Conference is timely requested, 30 days after completion of the Settlement Conference (the 'Informal Resolution Period')."); *id.* ¶ 11.6 ("If this section 11.6 applies to a Notice, the statute of limitations applicable to the claims and relief set forth in that Notice shall be tolled from the beginning date of the Informal Resolution Period until that Notice is selected for a bellwether proceeding, withdrawn, or otherwise resolved.").

23. Because H&R Block accepted the Notices of Dispute "without waiving any rights and expressly reserving all rights," *see* Ex. 12 herein, H&R Block could later contest the adequacy of the Notices of Dispute, argue that claimants did not provide a "fully complete Notice," and consequently challenge any tolling of the statute of limitations.

**D. Zimmerman Reed Filed Claims in Arbitration and this Court to Preserve Claimants' Rights**

24. On December 18, 2024, H&R Block began sending individual demands that claimants participate in Informal Settlement Conferences.

25. Attached hereto as Exhibit 14 is a true and correct copy of a request dated December 18, 2024, from H&R Block to schedule an Informal Settlement Conference with one of the claimants.

26. Because H&R Block made the requests more than 60 days after receiving the Notices of Dispute on September 27, 2024, Zimmerman Reed took the position that H&R Block waived its rights under the OSA to mandate claimants' participation in the Informal Settlement Conferences. *See* Schuessler Decl. Ex. 4 ¶ 11.2(B) ("After the Notice containing all of the information required above is received, within 60 days either party may request an individualized discussion (by telephone or videoconference) regarding informal resolution of the dispute ('Informal Settlement Conference'). If timely requested, the parties will work together in good faith to select a mutually agreeable time for the Informal Settlement Conference.").

27. On April 21, 2025, Zimmerman Reed filed 25 arbitration demands in AAA on behalf of clients other than Rios and Marquez. The 25 claimants did not participate in pre-filing conferences for the reasons noted above. The parties eventually agreed to hold 5 demands in abeyance, allowing just 20 demands to proceed forward with AAA. To date, AAA has not appointed merits arbitrators to adjudicate the claims.

28. Under H&R Block's OSA, no additional Zimmerman Reed clients can file or advance their claims in arbitration until the first batch of 20 demands is resolved, and the date of any such resolution remains uncertain. For Rios or Marquez (or any other Zimmerman Reed client) to file their claims in AAA and proceed with an individual arbitration: (1) the first batch of 20 arbitrations would have to conclude, and claimants would need their names selected over other claimants as part of the second batch of 20; or (2) claimants would have to find legal counsel who did not have clients with similar claims against H&R Block.

29. On April 22, 2025, Zimmerman Reed filed this case on behalf of Plaintiffs Rios and Marquez and putative classes of similarly situated H&R Block customers.

**E. H&R Block has Repeatedly Refused to Identify Alleged Defective Claims**

30. H&R Block's motion states that Zimmerman Reed presented a large number of "patently frivolous" claims.

31. H&R Block first raised this issue in correspondence to Zimmerman Reed dated January 7, 2025. That same day, I emailed counsel for H&R Block requesting that they identify the names of claimants who allegedly had defective claims. H&R Block refused to provide the names of those claimants.

32. Attached hereto as Exhibit 15 is a true and correct copy of my email to counsel for H&R Block dated January 7, 2025.

33. On March 13, 2025, Zimmerman Reed reiterated its request that H&R Block identify the specific claimants who allegedly had defective claims so Zimmerman Reed could investigate further. Despite our requests, to date H&R Block has not provided the names of claimants with allegedly defective claims.

34. Attached hereto as Exhibit 16 is a true and correct copy of the letter from Zimmerman Reed to counsel for H&R Block dated March 13, 2025.

**F. H&R Block's OSA Continues to Suggest that Arbitrations can be Resolved in 120 Days Despite Evidence to the Contrary**

35. Section 11.6 of the OSA states, "The arbitrators are encouraged to resolve the cases within 120 days of appointment or as swiftly as possible, consistent with principles of fundamental fairness." Schuessler Decl. Ex. 4 ¶ 11.6.

36. A version of the OSA published in January 2025 makes the same representation. Attached hereto as Exhibit 17 is a true and correct copy of H&R Block's OSA last updated January 16, 2025.

37. As of August 4, 2025, the OSA on H&R Block's website makes the same representation.

38. Evidence from other law firms litigating privacy disputes against H&R Block demonstrates that arbitrations are taking much longer than 120 days. For example, Korein Tillery filed 10 arbitration demands in October 2024, but not a single case has advanced to an arbitration hearing.

Decl. of Stephen Tillery ¶¶ 3-4. Similarly, Milberg is still in the process of litigating the initial batch of 20 arbitration demands filed in February 2024. Decl. of Scott Falgoust ¶¶ 3-4.

39. In addition, the plaintiffs compelled to arbitration in *Caimano v. H&R Block*, 23-cv-03272-JHS, had not completed their individual arbitrations as of June 10, 2025, despite filing their demands on August 1, 2024.

40. Attached hereto as Exhibit 18 is a true and correct copy of correspondence dated August 13, 2024, from plaintiffs' counsel in *Caimano* informing the court that arbitration demands were filed on August 1, 2024.

41. Attached hereto as Exhibit 19 is a true and correct copy of correspondence dated June 10, 2025, from plaintiffs' counsel in *Caimano* informing the court that the arbitrations remained pending.

42. Attached hereto as Exhibit 20 is a true and correct copy of an Order from a AAA Process Arbitrator dated February 22, 2022, finding that the mass arbitration protocol at issue in *MacClelland v. Cellco Partnership* violated Principle 8 of the AAA's Consumer Due Process Protocol Statement of Principles.

43. Attached hereto as Exhibit 21 is a true and correct copy of the AAA Consumer Due Process Protocol Statement of Principles.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: August 5, 2025           By: _____
                                    Ryan Ellersick