# EXHIBIT 3

**ZIMMERMAN | REED**

September 20, 2024

**Via First Class Certified Mail**

H&R Block-Legal Department
Attention: Notice of Dispute
One H&R Block Way
Kansas City, MO 64105

Re:   Pre-Filing Notice of Dispute / Confidential Settlement Communication

To Whom It May Concern:

    We write to inform you of the legal claims of 2,481 of our firm's clients, identified in Exhibit A attached hereto (collectively "Claimants"), that we intend to file in individual arbitrations against HRB Digital, LLC and HRB Tax Group, Inc. (collectively "H&R Block") based on the unlawful disclosure of protected tax information to Meta Platforms, Inc., and Google LLC. We request the opportunity to discuss informal resolution prior to the formal filing of the claims for individual arbitrations in the arbitration forum designated in your Terms.

    I.    <u>General Nature of Allegations</u>

    Claimants are H&R Block customers who used H&R Block's online tax-preparation services to file their taxes in 2021 and 2022. Unbeknownst to Claimants, H&R Block deployed certain tracking technologies on the H&R Block website, which triggered the unlawful disclosure of Claimants' tax return information to Meta, Google, and other potential third parties.

    Some details regarding this unlawful disclosure are outlined in the November 2022 report by The Markup. According to that report, H&R Block "embedded a pixel on its site that gathered information on filers' health savings account usage and dependents' college tuition grants and expenses."[1] After being confronted with this information, H&R Block told The Markup it removed the pixel from its tax filing website "to stop any client tax information from being collected."[2]

    In response to The Markup's report, the U.S. Senate initiated an investigation into H&R Block's unlawful data-sharing practices, which revealed that the disclosures were much more serious than previously reported. The Senate report found that "[t]hrough the Meta Pixel and Google's business tools, the tax prep companies investigated in this report - TaxAct, TaxSlayer, and H&R Block - recklessly disclosed and misused the personal tax return information of potentially millions of taxpayers."[3]

    In response to the congressional inquiry, H&R Block told Senate investigators that H&R Block had been using the Meta Pixel for "at least a couple of years."[4] According to H&R Block, "Meta's default settings of their pixel allowed them to collect additional information, including page

---

[1] https://themarkup.org/pixel-hunt/2022/11/22/tax-filing-websites-have-been-sending-users-financial-information-to-facebook
[2] *Id.*
[3] https://www.warren.senate.gov/imo/media/doc/Attacks%20on%20Tax%20Privacy_Final.pdf at 39.
[4] *Id.* at 11.

September 20, 2024
Page 2

title information from our online tax filing service."[5] In addition, "[s]ome of those page titles included a subset of information related to the customer and his or her tax situation, including the first name of the taxpayer and aggregate amounts relating to HSA contributions, scholarships, and education expenses."[6] H&R Block also revealed that "the Pixel transmitted information on page headers-meaning that the Pixel would transmit information on whether taxpayers had visited pages for many broad categories, such as dependents, certain types of income (such as rental income or capital gains), and certain tax credits or deductions."[7]

The investigation also discovered that H&R Block disclosed protected tax return information to Google. According to the report, "H&R Block representatives communicated that they were 'not aware' of any other pixels used on their website, 'past or present,' despite Google confirming that H&R Block did have [Google Analytics] installed on their website - which was also previously unreported and raises the concern that tax prep companies themselves are unaware of what pixels they are using and how this may be affecting taxpayer privacy."[8]

H&R Block also admitted that these disclosures impacted every person who used its online tax preparation services. According to the report, "although the companies initially dissembled when it came to revealing how many taxpayers had their data shared with Big Tech firms, they ultimately indicated that - because of the way the pixels were set up and implemented - every single taxpayer who used their websites to file their taxes could have had at least some of their data shared."[9]

II.     H&R Block's Conduct Violated Federal and State Laws

H&R Block's disclosure of protected tax return information via the tracking technologies on its website violated multiple federal and state laws.

First, the Federal Wiretap Act prohibits the intentional interception of electronic communications. 18 U.S.C. § 2511(1)(a). While the statute provides an exception for "parties" to the communication, the exception does not apply here because H&R Block intercepted its customers' communications "for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State." *Id.* § 2(d). Specifically, H&R Block deployed the tracking technologies for the purpose of sharing its customers tax return information with Meta and Google in violation of 26 U.S.C. § 7216. That provision prohibits "[a]ny person who is engaged in the business of preparing, or providing services in connection with the preparation of [tax returns] . . . and who knowingly or recklessly . . . discloses any information furnished to him for, or in connection with, the preparation of any such return, or uses any such information for any purpose other than to prepare, or assist in preparing, any such return." 26 U.S.C. § 7216(a). Because H&R Block used the tracking technologies "for the purpose" of disclosing its customers tax return information to Meta and Google for ad retargeting, H&R Block violated the Federal Wiretap Act and is liable for $10,000 in statutory damages per violation.

---

[5] *Id.* at 12.
[6] *Id.*
[7] *Id.*
[8] *Id.* at 11.
[9] *Id.* at 13.

September 20, 2024
Page 3

      H&R Block's conduct also violated 26 U.S.C. § 7431, which prohibits the unauthorized disclosure of tax return information and imposes $1,000 in statutory damages for "each act of unauthorized . . . disclosure." 26 U.S.C. § 7431(c)(1)(A). That statute provides that "[i]f any person who is not an officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103 . . . such taxpayer may bring a civil action for damages against such person in a district court of the United States." *Id.* § (a)(2). Section 6103, in turn, states that "no other person . . . who has or had access to returns or return information under . . . subsection (n) . . . shall disclose any return or return information obtained by him in any manner . . . under the provisions of this section." 26 U.S.C. § 6103(3). Because H&R Block "had access to returns or return information under . . . subsection (n)" in connection with its services in "processing, storage, transmission, and reproduction of such returns and return information," 26 U.S.C. § 6103(n), H&R Block's unauthorized disclosure to Meta and Google violated Section 6103 and 7431. These statutes also serve as independent bases for the crime-tort exception under the Federal Wiretap Act.

      In addition, H&R's conduct violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631, for the reasons outlined in *In re Meta Pixel Tax Filing Cases*, No. 22-CV-07557-PCP, 2024 WL 1251350, at *7 (N.D. Cal. Mar. 25, 2024), and *Smith v. Google, LLC*, No. 23-CV-03527-PCP, 2024 WL 2808270, at *6 (N.D. Cal. June 3, 2024). H&R Block is liable under CIPA because it "aid[ed], agree[d] with, employ[ed], or conspire[d] with any person or persons"—i.e. Meta and Google—"to unlawfully do, or permit, or cause to be done any of the acts," prohibited by CIPA. Cal. Penal Code § 631(a). Accordingly, H&R Block is liable for $5,000 in statutory damages for California-based Claimants.

      Finally, H&R Block never obtained its customers' consent to disclose their tax return information to Meta and Google. As outlined in detail in the Senate report, H&R Block did not comply with relevant tax laws that mandate fulsome and transparent consent before disclosing a customer's tax return information. Further, H&R Block did not comply with its contractual consent obligations associated with Meta and Google tracking technologies. Meta's Business Tools Terms, for example, require web developers to provide "robust and sufficiently prominent notice" to users about their data collection, including "clear and prominent <u>notice on each web page where our pixels are used</u>" and instructions for "how users can opt-out of the collection and use of information for ad targeting." Despite deploying the Meta Pixel and other tracking technologies, H&R Block did not provide sufficient notice—let alone "notice on each web page"—to obtain its customers' consent.

      III.    <u>Claims Presented</u>

      Based on the foregoing, each Claimant presents claims against H&R Block for: (1) violations of the Federal Wiretap Act, (2) violations of the Federal Tax Disclosure law, 26 U.S.C. § 7431, (3) for California Claimants, violations of CIPA; and (4) other laws, including but not limited to those for invasion of privacy and intrusion upon seclusion. Each Claimant, on an individual basis, seeks monetary relief (including all compensatory damages, restitution, and statutory damages), injunctive and declaratory relief, and reasonable attorneys' fees and costs.

September 20, 2024
Page 4

      IV.      Dispute Process

While a class action proceeding may be an efficient way to proceed with these common disputes, class actions are prohibited by H&R Block's Online Services Agreement, which requires that any disputes be submitted to arbitration before the American Arbitration Association ("AAA").

This letter and the accompanying documents are intended to provide H&R Block with notice of Claimants' disputes consistent with "Pre-arbitration notice of dispute" provision of the arbitration agreement. Exhibit A-1 contains individual Notices of Dispute signed by each Claimant in accordance with that provision. In addition, Exhibit A-2 contains individual Authorizations signed by each Claimant allowing H&R Block to disclose any relevant tax return information to Zimmerman Reed LLP as counsel for Claimants.

In anticipation of the Informal Settlement Conference, we request that you produce:

(1) the letter from H&R Block Chief Government Relations Officer Tom Gannon to Senator Elizabeth Warren dated January 3, 2023, referenced in footnote 61 to the Senate report;

(2) any documents related to the March 2, 2023, virtual meeting with Congressional staff and H&R Block officials, referenced in footnote 71 to the Senate report; and

(3) documents and ESI sufficient to identify the data of each Claimant that was disclosed to Meta, Google, or other third parties through H&R Block's use of the tracking technologies.

To the extent necessary, we are willing to enter into an appropriate protective order regarding the production of such materials. If you have a preferred form that you would like us to consider, please forward.

Each Claimant agrees to arbitrate their claims in AAA without delay. By providing the foregoing, however, we do not concede that all pre-filing provisions relating to the arbitration of claims are enforceable and Claimants reserve all rights in that regard. Certain provisions appear to be aimed at unfairly delaying the presentation and resolution of claims, but we are open to discussing those procedures with the aim of reaching a reasonable solution.

We look forward to your response and to addressing this matter further with you.

Sincerely,

*[signature]*

Caleb L. Marker
Zimmerman Reed LLP
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
caleb.marker@zimmreed.com

cc:      Hart L. Robinovitch
          Ryan Ellersick

September 20, 2024
Page 5

>Zimmerman Reed LLP
>14648 North Scottsdale Road, Suite 130
>Scottsdale, AZ 85254
>hart.robinovitch@zimmreed.com
>ryan.ellersick@zimmreed.com

September 20, 2024
Page 6

## **Exhibit A**

To download Exhibit A, please click the following ShareFile link:

https://zimmreed.sharefile.com/d-sc3cd0dd3eaf745c5a4a42b9ab800c413

September 20, 2024
Page 7

## **Exhibit A-1**

To download Exhibit A-1, please click the following ShareFile link:

https://zimmreed.sharefile.com/d-s4d6779c280c64db89ab448c33ef97625

September 20, 2024
Page 8

## Exhibit A-2

To download Exhibit A-2, please click the following ShareFile link:

https://zimmreed.sharefile.com/d-sf5a74046ec954800bd40fc7e1d05adc5