# **EXHIBIT 9**

ZIMMERMAN | REED

October 23, 2024

**Via First Class Mail and Email to HRB_Legal@hrblock.com**

Shruti K. Tejwani
Corporate Counsel
H&R Block-Legal Department
One H&R Block Way
Kansas City, MO 64105
HRB_Legal@hrblock.com

**Re:  Your October 17, 2024 Letter Responding to Our Clients' Pre-Filing Notice of Dispute of September 20, 2024**

Ms. Tejwani,

We are in receipt of your letter dated October 17, 2024 and wanted to respond to the points made. We disagree that our letter of September 20, 2024 that was sent on behalf of our 2,481 clients is in any way improper and ineffective, as you assert. Contrary to your assertions, we did not improperly attempt to consolidate the disputes of our 2,481 individual clients into a single Pre-Filing Notice Of Dispute through our September 20 cover letter. Instead, as the September 20 letter made clear, specific ShareFile links were provided in the text of the letter where H&R Block could access:

1. Individual Pre-Arbitration Notices of Disputes signed by each of the 2,481 claimants;

2. Individual Consents to Disclose Tax Information to Attorneys signed by each of the 2,481 claimants.

These documents were accessible through ShareFile URL's published on pages 6-8 of the September 20, 2024 letter, respectively as follows, and which remain active.

**Exhibit A**

To download Exhibit A, please click the following ShareFile link:

https://zimmreed.sharefile.com/d-sc3cd0dd3eaf745c5a4a42b9ab800c413

**Exhibit A-1**

To download Exhibit A-1, please click the following ShareFile link:

https://zimmreed.sharefile.com/d-s4d6779c280c64db89ab448c33ef97625

**Exhibit A-2**

To download Exhibit A-2, please click the following ShareFile link:

October 23, 2024
Page 2

<https://zimmreed.sharefile.com/d-sf5a74046ec954800bd40fc7e1d05adc5>

Had you accessed the ShareFile documents through the above URL's found in the September 20 letter, you would have seen that in addition to the description of the common claims in our letter each of the 2,481 Claimants also presented to H&R Block a separate, individual "Pre-filing Notice of Dispute" document that consistent with ¶11.2(A) of H&R Block's Online Services Agreement:

1. provided each claimant's name, address, telephone number, email address[1];

2. described the nature and basis of their claims against H&R Block based on H&R Block's practice of unlawfully disclosing protected tax information that the Claimant provided when using the H&R Block website to third-parties, including Meta Platforms, Inc., and Google LLC through tracking technologies, as described in the U.S. Senate Report, *Attacks on Tax Privacy: How the Tax Prep Industry Enable Meta to Harvest Millions of Taxpayers' Sensitive Data*, July 2023 (available at https://www.warren.senate.gov/imo/media/doc/Attacks%20on%20Tax%20Privacy_Final.pdf.) which found, *inter alia*, "Through the Meta Pixel and Google's business tools, the tax prep companies investigated in this report," including H&R Block, "recklessly disclosed and misused the personal tax return information of potentially millions of taxpayers" *Id.* at 39;[2]

3. described the specific relief sought by the identified Claimant (*i.e.*, "I am seeking all available relief for violations of these laws, including but not limited to: statutory damages; restitution; injunctive (public and private) and declaratory relief; reasonable attorneys' fees and costs; and all other relief that is just and equitable. The amounts sought for each violation are no less than the statutory damages allowed under the Wiretap Act ($10,000) and CIPA ($5,000).");

4. was individually signed by each Claimant;

*See* 2,481 individual Notices of Dispute, Exhibit A-1 to our September 20, 2024 letter, available to print and download at <https://zimmreed.sharefile.com/d-s4d6779c280c64db89ab448c33ef97625>.

Items 1-4 above more than satisfied any requirements of the Prefiling Notice of Dispute under ¶11.2(A) of H&R Block's Online Services Agreement. In addition, each Claimant's individual Pre-Filing Notice of Dispute that was provided to H&R Block:

---

[1] In addition, Exhibit A to our September 20, 2024 letter, available to print and download at <https://zimmreed.sharefile.com/d-sc3cd0dd3eaf745c5a4a42b9ab800c413> was a spreadsheet containing each of the 2,481 Claimant's names, addresses, primary email, email used for H&R Block, phone number and truncated final digits of their social security number.

[2] The description of claims by each Claimants' individual Pre-filing Notice of Dispute was sufficient for purposes of satisfying ¶11.2 but can be supplemented by the September 20, 2024 letter describing same in additional detail.

October 23, 2024
Page 3

    1.    directed H&R Block to direct all communications related to the disputes to their designated legal counsel at Zimmerman Reed LLP, for which a separate Consent to Disclose Tax Information to Attorneys was also provided to H&R Block via a different ShareFile link in the September 20 letter;

    2.    requested that copies of certain documents and materials related to the third-party tracking activities be provided by H&R Block to the Claimant through their attorneys at Zimmerman Reed , LLP, which is both reasonable and necessary for the obligations to be mutual;

    3.    indicated that they would comply with the arbitration agreement by proceeding with despite resolution before the American Arbitration Association;

    4.    authorized counsel to represent them at any pre-filing conference or other proceedings, while also maintaining that: "If required to personally appear, however, I will do so with my attorneys."

    5.    objected to any batched filing / bellwether processes under ¶11.6 of the OSA as it could unfairly delay the processing of their claim before the AAA.[3]

    6.    Requested that H&R Block pay any arbitration fees and costs imposed by AAA.

Exhibit A to September 20, 2024 letter.

Based on the foregoing, the contentions in your October 17 letter that any of the 2,481 individual failed to provide a proper individual Prefiling Notice of Dispute are without merit.

Your additional contentions that each Claimant has failed to comply with any "Informal Settlement Conference" requirement is also without merit. While our clients disagree with the need for this process and reserve all rights to challenge certain provisions, as noted above, each Claimants' individual Prefiling Notice of Dispute provides that while they authorize counsel to appear and represent them at any conference, "[i]f required to personally appear, however, I will do so with my attorneys." *See* Exhibit A-1 to September 20, 2024 letter. There has been no failure to comply with requirements.

You conclude your letter by providing a blank copy a Disclosure of Tax Return Information Consent and Authorization Form instructing claimants that a completed document is required for counsel to appear at any conference. In this regard we again note that such authorizations were already provided to H&R Block on September 20, 2024. *See* 2,481 individual Consent to Disclose Tax Information to Attorneys, Exhibit A-2 to September 20, 2024 letter (available to print and download at https://zimmreed.sharefile.com/d-sf5a74046ec954800bd40fc7e1d05adc5).

Given the acknowledgment in your Disclosure of Tax Return Information Consent and Authorization Form that "[u]nless authorized by law, H&R Block cannot disclose your tax return

---

[3]    *See e.g., Pandolfi v. Aviagames, Inc.*, 2024 WL 4051754 (N.D. Cal., Sept. 4, 2024)(batching / bellwether process in arbitration agreement found to be unconscionable and unenforceable due to delay and asymmetry of obligations).

October 23, 2024
Page 4

information to third parties for purposes other than the preparation and filing of your tax return without your consent", we ask that you provide to us all executed authorization forms and the like that H&R Block contends provided it prior authority to disclose any of the 2,481 Claimants' tax return information to third parties, including but not limited to Meta Platforms, Inc., Google, LLC and their affiliates. We seek this in addition to the information requested in each Claimants' Pre-Arbitration Notice of Dispute and the September 20 letter so any pre-filing discussions aimed at resolution of the disputes can be informed and meaningful.

Finally, we believe the bellwether / batching provision in ¶1.6 attempting to delay Claimants' ability to proceed with their claims, including claims seeking injunctive relief is unconscionable and unfair as it seems to be aimed at creating lengthy delays which are unnecessary, serve no purpose and are prejudicial. We ask that you confirm whether H&R Block will agree to the immediate filing of all Claimants' claims in AAA to prevent further prejudice.

Please let us know if would like to discuss any of the foregoing matters further.

Sincerely,

Caleb L. Marker
caleb.marker@zimmreed.com

cc:    Hart L. Robinovitch
       Ryan Ellersick