# EXHIBIT 12

December 5, 2024

**VIA E-MAIL**

Caleb L. Marker
Zimmerman Reed LLP
6420 Wilshire Blvd., Suite 1080
Los Angeles, California 90048
caleb.marker@zimmreed.com

      Re: Your Correspondence Dated November 21, 2024

Dear Mr. Marker:

I am in receipt of your letter dated November 21, 2024. H&R Block disagrees with the arguments therein, including the proposition that your firm's departure from the written notice of dispute procedures set out in H&R Block's Online Services Agreement ("OSA"), and H&R Block's request that you comply with the OSA's terms, somehow renders it unconscionable and/or means that H&R Block is acting in "bad faith." The OSA sets out clear and reasonable terms and is valid in all respects.

Nonetheless, without waiving any rights and expressly reserving all rights, H&R Block agrees to accept service of your Notices of Dispute sent on behalf of 2,481 claimants. We will review the submissions and send responses, including requests for informal settlement conferences. H&R Block has no objection to counsel participating in any informal settlement conference and does not propose to speak to any represented party without their counsel.

The required consent form to allow for counsel's participation in the informal settlement conferences is not governed by any preference of H&R Block. 26 U.S.C. § 7216 and 26 C.F.R. §§ 301.7216-1 to 301.7216-3 require us to obtain consent from a claimant (and any joint taxpayer) to discuss the claimant's information. No meaningful dialogue could occur at a conference if H&R Block is restricted from discussing the allegations, including information that H&R Block knows from its files but cannot discuss. Moreover, Internal Revenue Procedure 2013-14, section 5.04, sets forth the mandatory language that must be included in the consent, which is the language included in the sample forms I sent you.

    I look forward to working with you on these matters.

                                  Sincerely,

                                  /SKT/

                                Shruti K. Tejwani
                                Corporate Counsel