# EXHIBIT 16

Case 3:25-cv-03530-EMC    Document 26-16    Filed 08/05/25    Page 2 of 3

**ZIMMERMAN | REED**

March 13, 2025

**Via Email Only**

Anthony Durone
Berkowitz Oliver
2600 Grand Blvd., Suite 1200
Kansas City, MO 64108
adurone@berkowitzoliver.com

Re:   Individual Claimants v. HR Block, Inc.
        AAA Case No 01-24-0009-3363

Tony,

Now that efforts to potentially resolve the matters have not been successful, we are prepared to move forward and wanted to address certain issues.

First, in the event we refile claims in arbitration and AAA does not credit Zimmerman Reed the original initiation fees paid, we would ask that H&R Block to promptly reimburse us 50 percent of the initiation fees consistent with our agreement.

Second, we wanted to follow up on past correspondence, including your letter of January 7, 2025, where you indicated that certain Claimants have: (a) filed claims seeking to arbitrate legal disputes with H&R Block in the AAA arbitration forum; and/or (b) presented prefiling Notices of Disputes to H&R Block that either: (1) did not use H&R Block's online do-it-yourself tax preparation and filing services during the relevant time period; (2) did not use H&R Block's online do-it-yourself tax preparation and filing services at all; or (3) were never clients of H&R Block.  Our internal records and information provided by our clients do not reflect this and following receipt of your letter in January we asked you to identify the claimants you were referring to.  So we can further evaluate your assertions as they pertain to particular claimants, we again request that H&R Block provide us with the names of the specific Claimants that H&R Block alleges fall into each of the above categories and as referenced in your January 7 letter.

While your January 7 letter suggests this is a matter of our firm's lack of diligence, to the contrary, each of our clients previously represented to us that they used the H&R Block website (www.hrblock.com) to prepare and file their taxes online in 2021 and/or 2022.  We have already provided to H&R Block the Claimants' signed prefiling Notices of Claim stating this, and at the appropriate time, we may produce declarations stating the same. Without waiving any privilege, each Claimant further confirmed that they used the H&R Block website (www.hrblock.com) to prepare and file their taxes online in 2021 and/or 2022 at the time they retained our firm to represent them.  Each Claimant also provided our firm with their email address and phone number associated with their H&R Block account, along with the first five digits of their social security number as further verification, all of which we have provided to H&R Block. Finally, each provided a signed authorization for H&R Block to disclose their tax return information to our firm, which we also provided to H&R Block in September 2024.   To the extent H&R Block's internal records purport to show that the representations that any Claimant has made about using

March 13, 2025
Page 2

the H&R Block website to prepare and file their taxes online in 2021 and/or 2022 are incorrect, we again ask that you identify these individuals, and indicate which category (1, 2, or 3 above) that you claim they fall into, so we can investigate further.

Third, while the parties have debated issues in the correspondence exchanged related to prefiling settlement conferences and whether the requests were timely in prior correspondence, this is simply a matter of counsel exchanging objective data within H&R Block's possession to confirm customer status, and does not require individual interviews of any Claimants by H&R Block under the guise of a settlement conference. If certain clients had no dealings with H&R Block, as your prior letter states, the Online Services Agreement (including sections 11.2 and 11.6) would not apply to those individuals – a matter we seek to clarify. Additionally, we assume there would be no settlement offer to present to such persons. It is therefore in the best interest of both parties for H&R Block to identify the Claimants referenced in your letter as allegedly never having any type of dealings with H&R Block.

Finally, to the extent H&R Block actually wishes to present any bona fide settlement offers to any Claimants, that can be done in writing or via AAA's Online Settlement Tool.[1] After reasonable time for private consultations with our clients, we will respond to any offer in due course.

Sincerely,

Hart Robinovitch

---

[1] *See* https://www.adr.org/online-settlement-tool and https://www.adr.org/sites/default/files/document_repository/AAA239-Online-Settlement-Tool-FAQs.pdf. ("The AAA offers parties to consumer arbitration cases an opportunity to engage in online settlement negotiations to resolve their disputes themselves. The Online Settlement Tool provides parties with a dedicated space to submit, review, respond to, and track settlement negotiations throughout the case") .