MAYER BROWN LLP
ARCHIS A. PARASHARAMI (SBN 321661)
*aparasharami@mayerbrown.com*
575 Market Street, Suite 2500
San Francisco, CA 94105
Telephone: (415) 874-4230

*Attorneys for Defendants HRB Digital, LLC and HRB Tax Group, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

PEDRO RIOS, JR., and CHRISTIAN MARQUEZ, individually, and on behalf of those similarly situated,

Plaintiffs,

v.

HRB DIGITAL, LLC, a Delaware Corporation, HRB TAX GROUP, INC., a Missouri Corporation,

Defendants.

Case No. 3:25-cv-03530-EMC

Assigned to the Hon. Edward M. Chen

**SUPPLEMENTAL DECLARATION OF DANIEL MURDOCK IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STAY LITIGATION**

Date: August 28, 2025
Time: 1:30 P.M.
Location: Courtroom 5, 17th Floor

**SUPPLEMENTAL DECLARATION OF DANIEL MURDOCK IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO STAY LITIGATION**

I, Daniel Murdock, declare as follows:

1. I have personal knowledge of the facts and matters set forth below or I have determined that such facts and matters are true and correct on the basis of information from records kept in the ordinary course of business and/or information brought to my attention by individuals upon whom I regularly rely. If I were called as a witness in this matter, I could and would testify competently to each of the matters stated.

**My Role at H&R Block**

2. I have worked at H&R Block since June of 2024. I am currently serving as Corporate Counsel. In that role, I am familiar with the Notices of Dispute that H&R Block has received from Zimmerman Reed, as well as Notices of Dispute that H&R Block has received from other law firms raising similar claims.

3. I am familiar with how, in the regular and ordinary course of business, H&R Block maintains identifying information about customers who use H&R Block tax filing services.

4. I am also familiar with the Informal Settlement Conferences that have taken place under the terms of the H&R Block Online Services Agreement.

5. Further, I am familiar with the current version and prior versions of the H&R Block Online Services Agreement, including changes that have been made to the terms of the Online Services Agreement over time.

**The Zimmerman Reed Notices of Dispute**

6. To date, H&R Block has received 2,644 Notices of Dispute on behalf of claimants purporting to be represented by Zimmerman Reed. These Notices purport to assert claims on behalf of claimants who used H&R Block's online tax filing services during the 2021 or 2022 tax seasons to file their taxes.

7. Attached as Exhibit 1 is a true and correct copy of a Notice of Dispute that H&R Block received from Zimmerman Reed dated July 15, 2024. The Notice is on behalf of "John Doe"

with the address "1519 Tester Way" in "Test, California"; the telephone number "(123) 123-1234"; an email address of "John.Doe@tester.com"; and a signature line signed as "No Agreement."

8. My prior declaration described the review performed by the company, at my direction, that compared the information provided by Zimmerman Reed in the Notices to information in H&R Block records to identify which claimants are H&R Block customers, and which claimants used H&R Block's online tax filing services during the 2021 or 2022 tax seasons to file their taxes.

9. In addition to the findings produced by that review described in my prior declaration, the review found that, based on the information provided by Zimmerman Reed, approximately 16% of the Notices are submitted on behalf of non-duplicate claimants with a California address.

10. In addition, and also at my direction, the company reviewed the information provided by Zimmerman Reed in the Notices and compared that to information in H&R Block's records, including information provided to H&R Block by other law firms, to identify which of Zimmerman Reed's alleged clients also submitted Notices through other law firms raising similar claims.

11. That review showed that 23% of the non-duplicate claimants identified in the Zimmerman Reed Notices also submitted Notices through other law firms raising similar claims.

**The Korein Tillery Notices of Dispute**

12. The Declaration of Stephen M. Tillery refers to the claims that putative clients of the Korein Tillery firm and its co-counsel have asserted against Defendants. I am familiar with the Notices of Dispute that H&R Block has received from those firms. The Notices are materially identical except for the identifying information specific to the claimants.

13. Attached as Exhibit 2 is a true and correct copy of a representative Notice, dated November 4, 2024, that H&R Block has received from the Korein Tillery firm and its co-counsel. In the Notice, the claimant asserts that "I hereby request an informal settlement conference as set forth in the Online Services Agreement in Section 11." The identity of the claimant has been redacted to protect the privacy of an individual not before the Court.

**Informal Settlement Conferences**

14. H&R Block, claimants, and their respective counsel routinely participate in Informal Settlement Conferences under the terms of the H&R Block Online Services Agreement.

15. In all instances where a claimant submits a Notice of Dispute through counsel or is otherwise known to be represented by counsel, the claimant's counsel is present during the Informal Settlement Conference. H&R Block's counsel has never conducted an Informal Settlement Conference with such a represented claimant without claimant's counsel present.

**The Bellwethering Procedures In The Online Services Agreement**

16. Exhibit 4 to the Declaration of Valerie Schuessler attaches a true and correct copy of the version of the H&R Block Online Services Agreement that was in effect in January 2024. Section 11.6 of that version of the Online Services Agreement, which has the heading "**Arbitration of similar claims**," sets forth procedures for a staged bellwether process for claims that meet the criteria identified in the provision.

17. A similar provision for bellwether procedures was first introduced in the Online Services Agreement in 2021. Prior to that time, the Online Services Agreement did not include any bellwether procedures.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of August, 2025.

Daniel Murdock