**ZIMMERMAN REED LLP**
Ryan J. Ellersick (SBN 357560)
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
Tel (877) 500-8780
Fax (877) 500-8781
ryan.ellersick@zimmreed.com

**ZIMMERMAN REED LLP**
Zain A. Shirazi (SBN 302841)
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel (612) 341-0400
Fax (612) 341-0844
zain.shirazi@zimmreed.com

*Attorneys for Plaintiffs and the Classes*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RIOS, JR., and CHRISTIAN MARQUEZ, individually, and on behalf of those similarly situated,<br><br>     Plaintiffs,<br><br>  vs.<br><br>HRB DIGITAL, LLC, a Delaware Corporation, HRB TAX GROUP, INC., a Missouri Corporation,<br><br>     Defendants. | Case No. 3:25-cv-03530-EMC<br><br>*Assigned to the Honorable Edward M. Chen*<br><br>**PLAINTIFFS' OBJECTION TO REPLY EVIDENCE, AND ALTERNATIVELY NOTICE OF MOTION AND MOTION TO STRIKE**<br><br>Date:    August 28, 2025<br>Time:    1:30 PM<br>Courtroom:  5, 17th Floor<br><br>Date Action Filed: April 22, 2025<br>Trial Date:   TBD |

## OBJECTION TO REPLY EVIDENCE

Pursuant to Federal Rule of Civil Procedure 12(f), 56, Civil L.R. 7-3, and all other applicable rules of procedure and law, Plaintiffs Pedro Rios and Christian Marquez ("Plaintiffs") object to reply evidence filed by Defendants HRB Digital, LLC and HRB Tax Group, Inc. ("Defendants" or "H&R Block")  with their Reply Brief on August 15, 2025, including the Declaration of Daniel Murdock and attached exhibits (ECF 35, 35-1, 35-2); the Declaration of Gregory E Ostfeld (ECF 36) and the Declaration of Stacy Gilman (ECF 37).  Alternatively, Plaintiffs move to strike the reply evidence

## SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

On July 15, 2025, H&R Block filed a Motion to Compel arbitration in this matter (ECF 18).  On August 5, 2025, Plaintiffs filed their Opposition Brief and supporting papers. (ECF 25-30).  On August 15, 2025, H&R Block filed their Reply Brief (ECF 34), but instead of limiting their Reply to legal arguments, H&R Block proceeded to file three (3) additional declarations and certain exhibits to support their arguments. As Plaintiffs—having already filed their Opposition—do not have an opportunity to respond to this new evidence, they are prejudiced by H&R Block's filing of their Reply with supplemental evidence not previously produced. As a result, Plaintiffs object to the new evidence filed in support of H&R Block's Reply Brief, including the Declaration of Daniel Murdock and attached exhibits (ECF 35, 35-1, 35-2); the Declaration of Gregory E Ostfeld (ECF 36) and the Declaration of Stacy Gilman (ECF 37). Plaintiffs request that their submission below be considered. Alternatively, Plaintiffs move to strike the new evidence.

## ARGUMENT

The rule that a moving party must present all of its evidence or raise all of its legal arguments in a substantive brief, rather than in reply, is rooted in the notion of fairness between parties. Each time the moving party is permitted to raise new arguments or present new evidence in reply, absent the Court granting leave for the non-moving party to file a sur-reply brief, the non-moving party is essentially deprived of the opportunity to address these new contentions.

As the Ninth Circuit has held, where new evidence is submitted for the first time in a reply brief, that evidence may be stricken. *See Tovar v. U.S. Postal Serv.,* 3 F.3d 1271, 1273 n. 3 (9th Cir.1993) (finding that new information submitted with reply brief was improper and striking the

1

same); *Provenz v. Miller,* 102 F.3d 1478, 1483 (9th Cir. 1996) (court may refuse to consider new evidence submitted with reply brief). "Where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the non-movant an opportunity to respond." *Provenz,* 102 F.3d at 1483 (citation modified).[1]

The Local Rules for this District provide that, "[i]f new evidence has been submitted in the reply, the opposing party may file and serve an Objection to Reply Evidence, which may not exceed 5 pages of text, stating its objections to the new evidence, which may not include further argument on the motion." Civil L.R. 7-3(d). Based on the foregoing, Plaintiffs object to the declarations that H&R Block filed with their Reply Brief and request they be stricken from the record or Plaintiffs be allowed to respond. The declarations submitted with H&R Block's Reply Brief are objectionable for several reasons including the following:

### 1.    Supplemental Declaration of Daniel Murdock and exhibits (ECF 35, 35-1, 35-2)

H&R Block submits the Supplemental Declaration of one of its in-house lawyers, Daniel Murdock, to comment on the Notices of Dispute that the Zimmerman Reed LLP law firm previously submitted to H&R Block and to dispute the validity, accuracy, or duplicity of certain percentages of the Notices. *See,* Supp. Decl. of D. Murdock at ¶6-11. Like his first declaration, the Supplemental Murdock Declaration is objectionable as lacking foundation and reliability and is also prejudicial. Fed. R. Evid. 401, 403, 901. Mr. Murdock does not attach or identify any admissible evidence that supports the statistics and other conclusions he offers. Instead, H&R Block responds in its Reply Brief that the statements and statistics in the Supplemental Murdock Declaration should simply be accepted at face value, and any request for the supporting facts and documents amounts to an attempt "to shift the responsibility to H&R Block to vet the firm's own putative clients." Def. Reply at 8:14-9:25, 12:1-4. (ECF 34). Absent production of the supporting materials used for his calculations, Mr. Murdock's testimony cannot be verified and lacks foundation. Plaintiffs also objected to the lack of foundation for the initial Murdock Declaration in its Opposition Brief. Opp. Brief at 22:19-28, n. 8. (ECF 25).

---

[1]  A motion to compel arbitration is decided on a standard similar to summary judgment. *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021).

PLAINTIFFS' OBJECTION TO REPLY EVIDENCE AND ALTERNATIVELY,
NOTICE OF MOTION AND MOTION TO STRIKE

### 2.     Declaration of Gregory E Ostfeld (ECF 36)

H&R Block submits the Declaration of one of its outside lawyers, Gregory E. Ostfeld, to respond to the Scott Falgoust and Stephen Tillery Declarations (ECF 29, 30) and to comment on the length of time any filed arbitrations involving claims against H&R Block have taken to be resolved in light of H&R Block's statement in ¶11.6 of the OSA that: "The arbitrators are encouraged to resolve the cases within 120 days of appointment or as swiftly as possible, consistent with principles of fundamental fairness." Plaintiffs object to the Ostfeld Declaration on grounds that it is incomplete, misleading, and prejudicial. *See* Fed. R. Evid. 106, 401, 403. H&R Block and Mr. Ostfeld possess information regarding: 1) the total Notices of Dispute filed by any consumer of its services presenting "similar claims"; 2) those submitted by "the same or coordinated counsel"; 3) the total number Demands for Arbitration that have actually been filed in the AAA arbitration forum; 4) the length of time the filed claims have taken to reach a final resolution in AAA; 5) the number of filed claims that have actually been resolved within the 120-day period referenced in ¶11.6; and 6) whether H&R Block's "staged bellwether" process has actually facilitated any group settlements. For a complete record, such evidence should be provided to determine whether the statement in ¶11.6 is misleading and/or likely to create surprise in reasonable consumers seeking to resolve disputes against H&R Block in AAA, but who are instead forced to incur indefinite delays based on the identity of their chosen legal counsel.

### 3.     Declaration of Stacy Gilman (ECF 37)

H&R Block submits the Declaration of one of its lawyers, Stacy Gilman, to testify to matters regarding the prefiling notice process that is at issue in the motion. Plaintiffs object to the declaration as incomplete, unreliable, prejudicial, and lacking foundation. Fed. R. Evid. 106, 401, 403, 901.

First, Ms. Gilman testifies that the Pre-Filing Letters sent to H&R Block on September 20, 2024, and October 4, 2025, were "not sent on an individual basis and purported to describe and assert claims in aggregate on behalf of 2,481 claimants." Gilman Decl. at ¶¶6-9. This testimony is incomplete, and in turn, misleading. Ms. Gilman incorrectly attempts to equate the *cover letters* that Plaintiffs' counsel sent with the separate individual Notices of Dispute that were provided through a ShareFile link published in the letters. The ShareFile link in the September 20, 2024, Pre-Filing Letter, for example, provided H&R Block access to 2,481 individual Notices of Disputes signed by each client. *See* Ellersick Decl.,

Ex. 3, 4, 7 (ECF 26-3, 26-4, 26-7). Ms. Gilman goes on to testify that the list of Claimants set forth on the "Exhibit A" to the September 20, 2024, letter (accessible via ShareFile link) "was not a set of mailed, individualized written Notices with the individualized information required." Gilman Decl. ¶8. "Exhibit A" was a separate spreadsheet listing the names of all claimants represented by Zimmerman Reed LLP with similar disputes against H&R Block. Ms. Gilman fails to mention that a different ShareFile link in "Exhibit A-1" of the same September 20, 2024, Pre-Filing Letter provided H&R Block access to the individually signed Notices of Dispute from Claimants, including Plaintiffs Rios and Marquez.[2] As the exemplar individual Notice of Dispute shows (Ellersick Decl, Ex. 4, ECF 26-4), each of the pre-filing Notices of Dispute provided to H&R Block contained all information required by ¶11.2(A) of the OSA.

Second, Ms. Gilman testifies that after receiving the Notices of Dispute, H&R Block took the position that a specific authorization form was required to speak with counsel, rejecting the signed authorization forms that each Claimant already provided to H&R Block through the ShareFile link to "Exhibit A-2" in the Pre-Filing Letter. Gilman Decl. ¶¶ 12-16; *See*, Ellersick Decl., Ex. 5 (ECF 26-5) (exemplar counsel authorization form provided as part of Exhibit A-2). Ms. Gilman's testimony contending that the signed authorizations provided were deficient is incomplete as it fails to address the fact that the arbitration clause in H&R Block's OSA made no reference to any specific type of authorization form that was required and did not provide a copy of any specific form or directions as to how to obtain any particular form that H&R Block considered mandatory. Instead, the OSA more generally provided: "Any counsel representing you or us may also participate; however, if you have retained counsel, a signed statement is required by law to authorize the H&R Block Parties to disclose your confidential tax and account records to your counsel." Each claimant's individually signed Notice of Dispute also provided H&R Block express authorization to provide information to Plaintiffs' counsel.

Third, Ms. Gilman testifies that "H&R Block sent individual responses to each claimant, which confirmed H&R Block's request for an Informal Settlement Conference with them," and criticizes Plaintiffs for then failing to move forward with the conferences. Gilman Decl. ¶¶16-17. These statements are objectionable as incomplete and misleading as H&R Block started to request the conferences on

---

[2]  Ms. Gilman does not address the fact that H&R Block selected AAA as the only permissible arbitration forum, that ¶11.6 of H&R Block's OSA requires application of AAA's rules, and that AAA's rules require use the ShareFile platform for submission of mass arbitration filings. *See* Opposition at fn 2. (ECF 25).

December 18, 2024—more than 60 days after receiving the Notices of Dispute on September 27, 2024. Ellersick Decl. ¶13, Ex. 6 (ECF 26-6). Paragraph 11.2(B) only required an Informal Settlement Conference "if timely requested" "within 60 days" from receipt of the Notices of Dispute.

Finally, Ms. Gilman testifies that H&R Block's counsel informed Plaintiffs' counsel that H&R Block contended that claims of certain unnamed claimants (other than Plaintiffs here) were deficient. Gilman Decl. ¶¶19-24. Similar to the Murdock Declaration referenced above, this testimony is objectionable as being incomplete and lacking foundation. Fed. R. Evid. 106, 901. In response to such assertions, Plaintiffs' counsel requested both at that time and on subsequent dates that H&R Block's counsel identify any such claimants so the challenged claims could be reviewed, and if appropriate, withdrawn, but H&R Block's counsel has refused. *See* Ellersick Decl. ¶¶30-24, 29, Ex. 15-16 (ECF 26-15, 26-16). While H&R Block's Reply Brief liberally references Rule 11, it ignores the fact that Fed.R.Civ.P. 11(c)(2) requires a party making accusations pursuant to Rule 11 to first identify the grounds for its assertions and prohibits presenting such issues to a court until there has been a 21-day period to review and cure, if appropriate. H&R Block's misplaced attempt to justify its conduct based on the authorization forms or requests for Informal Settlement Conferences is transparent: if any claims were deficient, there would be no need to convene any settlement conference.[3]

## CONCLUSION

For the reasons stated, Plaintiffs object to the declarations that H&R Block filed with their Reply.

Dated: August 22, 2025                 Respectfully submitted,

                                        **ZIMMERMAN REED LLP**

                                        */s/ Ryan Ellersick*
                                        Ryan J. Ellersick (SBN 357560)
                                        6420 Wilshire Blvd., Suite 1080
                                        Los Angeles, CA 90048
                                        Tel (877) 500-8780
                                        Fax (877) 500-8781
                                        ryan.ellersick@zimmreed.com

                                        *Attorneys for Plaintiffs and the Classes*

---

[3] An example of this is the Notice of Dispute provided as Exhibit 1 to Mr. Murdock's Supplemental Declaration, which was inadvertently provided as it is signed "No Agreement." There is no reason to schedule a settlement conference to discuss an inadvertent submission.

PLAINTIFFS' OBJECTION TO REPLY EVIDENCE AND ALTERNATIVELY,
NOTICE OF MOTION AND MOTION TO STRIKE